BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB # 913841**
greg.r.nyhus@usdoj.gov
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:15-CR- 00196-JO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| MARCELO SANCHEZ-ESPINOZA, | |
| Defendant. | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Gregory R. Nyhus, Assistant United States Attorney (AUSA) for the District of Oregon, provides this memorandum for sentencing in the above-entitled matter.

I.  **CRIME OF CONVICTION**

   A.  Crime of Conviction

Defendant pled guilty to a single-count indictment on August 17, 2015, which charges that on or about May 4, 2015, in the District of Oregon, defendant, an alien and citizen of Mexico, was found in the United States, having previously been arrested and denied admission, excluded, deported, and removed from the United States as an alien on May 11, 2011, defendant having knowingly and unlawfully reentered and that the Attorney General of the United States, or his successor, the Secretary for Homeland Security, did not expressly consent to his reapplying for admission to the United States from a place outside the United States, in violation

of 8 U.S.C. § 1326(a). Defendant pled guilty to the Indictment without benefit of a plea agreement.

The maximum penalty for a violation of 8 U.S.C. § 1326 is 20 years imprisonment, a fine of up to $250,000, a term of supervised release of up to five years, and a mandatory assessment of $100.

### B.    Offense Conduct

The government has reviewed the facts presented in the Pre-Sentence Report (PSR) and urges the Court to utilize them as the basis for sentencing defendant. The government does not anticipate adding to the record.

On May 4, 2015, defendant was located in the Malheur County Jail, in Vale, Oregon, pending charges of False Information to a Police Officer, which charges were declined.

ICE records show that defendant is a citizen of Mexico and that he was lawfully deported from the United States on May 11, 2011, following a prior conviction for Attempted Assault II. Defendant was removed from the United States on May 11, 2011. Defendant admitted that following his deportation, he had returned to the United States without permission to re-enter the United States.

ICE records also indicate defendant never applied for or received the required consent of the U.S. Attorney General or the Secretary for the Department of Homeland Security to apply for admission into the United States after having been deported.

///


///

## II. GUIDELINES APPLICATION

### A. Standards

The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestar" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, ___ U.S. ___, 2013 WL 2459523, *9-10 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id.*

The remaining statutory factors include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to

"argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor. *Id*. The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id*. at 991-92.

      B.      Advisory Guideline Calculation

The base offense level for a violation of 8 U.S.C. § 1326 is 8, which is increased 16 levels because defendant has been convicted of a Crime of Violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Following an adjustment for acceptance of responsibility, as below, defendant's total offense level is 21.

The government agrees with the criminal history calculations set forth in the PSR, which places defendant in Criminal History Category II, due to two criminal history points. Based on the foregoing offense level computations, the advisory guideline range is 41-51 months.

## III.    DEPARTURES AND ADJUSTMENTS

      A.      Acceptance of Responsibility

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. Defendant is entitled to a three-level reduction in his offense guideline.

      B.      Additional Adjustments

The PSR contains no basis for any downward adjustments or variances. On the contrary, defendant's vicious and unprovoked attack on his wife, in front of his daughter, supports the

**Government's Sentencing Memorandum, 3:15-CR-00196-JO;** *Sanchez-Espinoza*      **Page 4**

guideline sentence. The victim of the assault, likely afraid to report the assault to authorities, asked her daughter to contact the victim's sister as she could not speak due to her injuries. The injury was so severe that she required surgery to repair the bone structures to her face. The presentence report writer reviewed medical records Officer received medical records which revealed defendant's wife had sustained a right mandibular angle fracture and a left mandibular parasymphysis. Her injuries required surgery to insert metal plates and screws to fix her broken jaw. Her mouth was temporarily wired shut during recovery.

    Moreover, on May 4, 2015, the same date of defendant's traffic stop and arrest which led to his detention by ICE, a search warrant was executed on the vehicle he was driving, along with his residence. Officers located 10.1 gross grams of methamphetamine and 0.6 gross grams of cocaine. The search of defendant's residence revealed, among other items, a set of digital scales, ammunition, and an unknown quantity of controlled substances.

    According to the PSR, the Malheur County District Attorney issued a No Prosecution Notice on October 2, 2015, in lieu of federal drug charges in the District of Idaho, which are pending. False Information to a Peace officer charges were dropped in lieu of the illegal reentry prosecution in the instant matter.

    What is clear from the foregoing is that defendant is a violent drug dealer. A sentence of 41 months' imprisonment is warranted.

///

///

## IV.    CONCLUSION

This Court should determine defendant's Total Offense Level to be a 21, and defendant's Criminal History Score to be a II, supporting an advisory guidelines sentence of 41 months.

Dated this 27th day of January 2016.

                                         Respectfully submitted,

                                         BILLY J. WILLIAMS
                                         United States Attorney

                                         *s/ Gregory R. Nyhus*
                                         GREGORY R. NYHUS, OSB #913841
                                         Assistant United States Attorney